UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Ronald Felder**<br><br>            **Plaintiff,**<br><br><br><br>**vs.**<br><br><br>**HILTON WORLDWIDE HOLDINGS, INC.**<br>**DBA LOGAN HOTEL**<br><br>            **Defendant** | **Civil Action No.**<br><br>**COMPLAINT** |

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking redress for the misconduct of Hilton Worldwide Holdings, Inc. d/b/a The Logan pursuant to 42 U.S.C. §1981, and 42 U.S.C. § 2000a.

### II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1981 and 42 U.S.C. § 2000a.

3. Jurisdiction of this Court is based upon 28 U.S.C. §§1331 and 1343(a)(4), and the aforementioned statutory provisions.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

1

### III. PARTIES

5. Plaintiff, Ronald Felder, is an adult individual residing at 1238 N. Allison Street Philadelphia, PA 19131.

6. Defendant Hilton Worldwide Holdings, Inc. was at all times relevant to this complaint, a limited liability Delaware Corporation and/or business organization established and existing under the laws of the State of Delaware, and whose corporate headquarters and/or business address are located at 7930 Jones Branch Drive Suite 1100, McLean, VA 22102.

7. Upon information and belief, Hilton Worldwide Holdings, Inc. transacts and does business under the name "The Logan" operating a place of public accommodation in the nature of a hotel located at One Logan Square, Philadelphia, PA 19103.

8. The Plaintiff in this action is of African American descent and is Black.

9. The subject employee and/or agent of the Defendant with which Plaintiff interacted is of Hispanic descent and is White.

### IV. FACTUAL ALLEGATIONS

10. The Plaintiff was a hotel guest at the Logan Hotel beginning on November 3, 2020.

11. The Plaintiff, a licensed private detective, was working an executive protection detail for Al Jazeera Media Network's reporters and cameramen covering the 2020 Presidential Election at the Convention Center in Philadelphia.

2

12. During his stay at the Logan Hotel, Plaintiff accompanied members of the press in the capacity of personal security, for which Mr. Felder is licensed and certified under the laws of Pennsylvania.

13. On the morning of November 7, 2020, the Plaintiff was at the Convention Center when the cameraman realized that a camera battery had been left behind at the hotel. The cameraman requested that the Plaintiff return to the hotel and retrieve the additional battery before the camera went dead so that the cameraman did not lose a live feed to the network.

14. The Plaintiff returned to the hotel to obtain the battery for the cameraman.

15. The Plaintiff retrieved the battery from the hotel room and attempted to return to the Convention Center to give the battery to the cameraman.

16. At this point Plaintiff had been a guest for five days at the Logan Hotel, and because he already felt uncomfortable in such a nice upscale hotel due to his being Black, Plaintiff had made a point of introducing himself to staff and security so that they would know that Plaintiff belonged at the hotel.

17. The Plaintiff was walking through the lobby area towards the front doors carrying the camera battery when he was physically stopped and grabbed by a female hotel security guard who was White.

18. The hotel security guard aggressively took the battery out of the Plaintiff's hands despite the fact that Plaintiff repeatedly told the security guard that he was a guest in the hotel. Plaintiff

3

   also repeatedly asked the security guard to just ask the manager of the hotel to confirm what Plaintiff was telling the security guard.

19. The hotel security guard then loudly accused the Plaintiff of stealing the camera battery and told the Plaintiff in a loud aggressive voice and tone that he was a liar and that he was going to jail.

20. There were several hotel guests and other hotel employees who were present and witnessed the interaction between the Plaintiff and the hotel security guard.

21. The Plaintiff was the only black hotel guest in the lobby at the time. All of the other guests were white.

22. Additionally, dozens of white hotel guests went to and from their rooms that day, and not a single one of them was publicly accosted, accused of theft, loudly accused of being a liar in full view of the other guests and hotel employees. None of the other guests had personal property wrenched out of their hands either.

23. The Plaintiff calmly showed the hotel security guard his Private Detective's license, explained that he was working a private security detail and had been a guest at the hotel for five days, and told her his room number and attempted to show her his room key.

24. Even after Plaintiff had identified himself and produced proof of his right to be where he was, and in spite of the fact that the hotel security guard had zero evidence that Plaintiff was a

       thief, she stated that she did not believe the Plaintiff.

25. Being extremely embarrassed, fearful of the situation escalating further, and worried that the cameraman would miss a live feed to a global news show without the battery, Plaintiff suggested that the two of them go and see a manager.

26. Plaintiff and the security guard went and saw a hotel manager at the front desk. The manager, who recognized Plaintiff as a guest, confirmed what the plaintiff had explained to the security guard. The manager also apologized and said that the security guard mistook Plaintiff for a Black man who had stolen some items from the hotel. The security guard was made to apologize but did so stubbornly and in an insincere manner.

27. The Plaintiff then finally had the battery returned to him and left the hotel to take the battery to the cameraman at the Convention Center as fast as he could.

28. Because of his job duty requirements, the Plaintiff had to stay in the hotel for another twenty-three days.

29. Throughout the remainder of his stay, the Plaintiff was embarrassed by the unwarranted and racially charged interaction with the security guard.

30. The Plaintiff, a private person whose job depends on being discreet, grew more embarrassed and upset throughout his stay at the Logan Hotel, because although he was trying to keep the situation quiet and he did not want his clients to find out, the incident became the talk of the hotel.

31. The Plaintiff had just started working this detail as a sub-

contractor for another security firm. The previous private detective had been at the hotel on the executive security detail for Al Jazeera since October 30, 2020. The hotel was aware that the news crew and executive protection would be coming and going with large camera equipment. On some occasions the news crew shot live news broadcasts in front of the hotel. The previous private detective working this executive protection detail was White, and he had never experienced any incidents wherein he was loudly, rudely, and physically accosted while being called a liar and a criminal and threatened with jail.

32. Despite having to stay at the hotel for twenty-three additional days, the Plaintiff barely left his room except when necessary to perform his required job duties.

33. The Plaintiff was afraid that another incident similar to the one he previously experienced could happen again and he increasingly felt like he did not belong at the Hotel because he is Black.

34. The incident caused the Plaintiff emotional distress, extreme embarrassment, and humiliation. He had difficulty concentrating on performing his job duties throughout the remainder of his stay at the Logan Hotel. Plaintiff was constantly worried that his job had been placed in jeopardy due to the delay in getting the battery to the camera man. Plaintiff was also further embarrassed and humiliated when his employer found out about the incident and complained to hotel management.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1981**

35. Plaintiff incorporates by reference paragraphs 1-34 of the

6

instant Complaint.

36. The Defendant's conduct as set forth herein constituted a denial of Plaintiffs' rights due solely to Plaintiffs' race. There is no evidence that any guests who are not Black were treated remotely in the same fashion that the Plaintiff was treated by the security guard.  The security guard had no legitimate basis to claim the Plaintiff had stolen the camera battery.

37. Defendant violated 42 U.S.C. §1981 wherein Defendant, through its employee, deprived Plaintiff of the right to enforce and enjoy the benefit of contracts, and to the full and equal benefit of all laws and proceedings for the security of persons and property on the same terms as are enjoyed by White persons.

38. The Defendant, through its employee, also created a racially hostile environment for black guests, potential guests, consumers, and potential consumers in further violation of 42 U.S.C. §1981.

**SECOND CAUSE OF ACTION**

**(VIOLATION OF 42 U.S.C. §2000A)**

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of the instant complaint.

40. The Logan Hotel is a "place of public accommodations" within the meaning of 42 U.S.C. §2000a(c)(2).

41. The acts of Defendant have denied the Plaintiffs the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations on the basis of race and created a

racially hostile environment, in violation of 42 U.S.C. §2000a.

## RELIEF REQUESTED

**WHEREFORE, Plaintiffs respectfully request the following relief:**

**A. Trial by jury;**

**B. Compensatory damages;**

**C. Punitive damages;**

**D. Award to Plaintiff of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. §1988;**

**E. Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.**

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

*Derek A. Steenson*
Derek A. Steenson, Esquire
1313 Race Street
Philadelphia, PA 19107
Ph: (215) 253-8658
F: (215) 600-3561
steensonlaw@gmail.com
Counsel for Plaintiff

06/19/22